### BONNEY *v.* PAUL *et al.*

#### (*Supreme Court, General Term, Third Department.* July 11, 1891.)

JUSTICE'S COURT—CONTINUANCE—AGREEMENT OF COUNSEL.

> A verbal agreement was made between counsel that a cause in a justice's court should be adjourned to a day thereafter, to be agreed on by them, and, in default of such agreement, that the court might appoint a day for the trial. Plaintiff's counsel notified the justice of a day agreed on, and the justice notified defendants' counsel, who telegraphed to his clients, but could get no reply. Judgment was taken against defendants by default on the day so fixed. *Held,* that the verbal agreement between counsel was too loose to keep the cause in court, and that the judgment against defendants should be reversed for want of jurisdiction.

Appeal from St. Lawrence county court.

Action by Walter B. Bonney against James Paul and another. From a judgment of the county court affirming the judgment of a justice's court, defendant Paul appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*John C. Keeler,* for appellant: *Horace D. Ellsworth,* for respondent.

LEARNED, P. J. The plaintiff sued Paul and Crowe, defendants, in a justice's court, for goods sold and delivered. The defendants appeared and answered, admitting that they were partners, and denying the other allegations, and setting up payment. The case was adjourned, and was finally tried January 26th, before a jury, who could not agree, and were discharged. On that trial defendant Crowe testified that he was 20 years of age. The cause was then adjourned to such time as should be agreed on by counsel for the respective parties. If the time should not be determined by the counsel, then to be determined by the court. Subsequently plaintiff's counsel told the justice that they had agreed to try the cause on the 13th of February. On the 11th of February the justice saw the defendants' counsel, and told him this, and he said, "All right;" that he was telegraphing his client Crowe. The next day he told the justice he could get no reply from Crowe. On the 13th the jury was summoned. Defendant Crowe had been in court; but, on calling the case, and after waiting an hour, neither defendant appeared. Plaintiff waived a

jury, and a judgment was taken for plaintiff. On appeal the county court reversed the judgment as to Crowe, and affirmed it as to Paul. The ground of reversal, according to the opinion, is error of fact, on the ground that Crowe was an infant, and did not appear by guardian. Paul appeals. We are satisfied that the agreement of the counsel as to adjournment made on the 26th of January cannot be held effectual to keep the cause in court. If the parties had subsequently agreed on a day, and had thereupon met at the justice's office, and proceeded with the trial, the case would be very different. But a general and verbal agreement that they would thereafter agree upon a day,. and that if they did not agree the court might appoint the day, is altogether too loose to be permitted. If valid, it would enable the justice to appoint any time he might choose, and to give such notice, or no notice, to the parties as. he might think best. There was no agreement by the counsel, except verbal talk out of court. It would be quite unsafe to give effect to any such verbal. agreements. The case of *Flynn* v. *Hancock*, 46 Hun, 369, in principle applies to this case, and we approve the remarks there made. As to the other points, we have some doubt whether there was any proper evidence before the county court that Crowe was an infant. The matter should have been shown. by affidavits or by examination of witnesses before the county court. Code, § 3057. But the plaintiff has not appeared, and Crowe is not before us, even as respondent. It is therefore unnecessary to decide anything on that point. We are of the opinion that the jurisdiction over the parties was lost, and the judgment of the county court and that of the justice's against Paul must be. reversed, with costs. All concur.